U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

OCT - 3 2003

ROBERT H. SHEMWELL, CLERK
BY ________ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ROBERT THEODILE * CIVIL ACTION NO. CV03-1844 L-O

VERSUS * SECTION " "

DELMAR SYSTEMS, INC., * MAGISTRATE " JUDGE DOHERTY
EDISON CHOUEST OFFSHORE, L.L.C.,
CHOUEST OFFSHORE SERVICES, L.L.C., * MAGISTRATE JUDGE HILL
AND SHELL OIL COMPANY
* * * * * * * *

## COMPLAINT

The petition of Robert Theodile, (hereinafter referred to as "petitioner"), is a person of the full age of majority and a resident at 6602 Danielle Road, New Iberia, Louisiana 70563 in the Parish of New Iberia, State of Louisiana, with respect represents:

## FIRST CAUSE OF ACTION

1.

The following parties are made defendants herein:

a. ***Delmar Systems, Inc.***, (hereinafter referred to as "Delmar") a Louisiana corporation authorized to do and doing business in the Parish of Lafayette, State of Louisiana;

b. ***Edison Chouest Offshore, L.L.C.***, (hereinafter referred to as "Edison Chouest") a limited liability corporation authorized to do and doing business in the State of Louisiana and whose principal place of business in Louisiana is established in the Parish of Lafayette;

c. ***Chouest Offshore Services, L.L.C.***, (hereinafter referred to as "Chouest Offshore) a limited liability corporation authorized to do and doing business in the State of Louisiana and whose principal place of business in Louisiana is established in the Parish of Lafayette; and,

d. ***Shell Oil Company,*** a Delaware corporation authorized to do and doing business in the State of Louisiana.

2.

This action is brought under the admiralty law as modified by the Jones Act, 46 U.S.C.A. App. § 688. Petitioner specifically elects a trial by jury.

3.

Petitioner was employed by the defendant, Delmar, as a seaman for approximately nine months and was a member of the crew of the "Gary Chouest", an anchor boat.

4.

At all times mentioned, the defendant, Edison Chouest, owned, operated, and possessed the vessel the "Gary Chouest" and operated same in the navigable waters in the Great White off the coast of Texas and Mexico.

5.

At all times mentioned, the defendant, Chouest Offshore, owned, operated, and possessed the vessel the "Gary Chouest" and operated same in the navigable waters in the Great White off the coast of Texas and Mexico.

6.

At all pertinent times herein, the defendant, Edison Chouest, had retained and hired personnel from the defendant, Delmar, to perform various maritime operations aboard the "Gary Chouest" anchor boat.

7.

At all pertinent times herein, the defendant, Chouest Offshore, had retained and hired personnel from the defendant, Delmar, to perform various maritime operations aboard the "Gary Chouest" anchor boat.

8.

At all pertinent times herein, the defendant, Shell, had retained and hired personnel from the defendant, Delmar, to perform various maritime operations aboard the "Gary Chouest" anchor boat.

9.

At all pertinent times herein, the "Gary Chouest", an anchor boat, was unseaworthy and was operated in a dangerous and unsafe manner.

10.

The "Gary Chouest" was unseaworthy as mud was allowed to build up on the deck; constant tripping hazards, lacked proper and working equipment, and there was no qualified supervisor present during the job.

11.

Despite the fact that the defendants were aware of the dangerous and unseaworthy conditions of the "Gary Chouest", they required the petitioner to work aboard an unseaworthy vessel.

12.

On or about October 22, 2002, the petitioner was in the course and scope of his employment aboard the "Gary Chouest" .

13.

The petitioner and other crew members were instructed by the defendant, Delmar, to secure and make safe the back deck of the vessel. The plaintiff and others were required to perform this duty with inferior and dangerous equipment. The plaintiff was denied the use of certain other equipment which would have permitted him to perform his duties in a safer and more reasonable manner. As a result, the plaintiff was injured when he slipped on a dangerous and slippery area of the deck. The petitioner was required by the defendants to work in unsafe conditions. These conditions included working on a deck containing tripping hazards and thick wet clumps of built up mud.

14.

The petitioner was required by the defendants to work as a member of the crew of the unseaworthy and unsafe vessel, the "Gary Chouest", and in the process of attempting to perform certain maritime duties, the petitioner was severely and permanently injured.

15.

Petitioner's injuries were caused by the negligence of the defendants, their employees and agents, and by the unseaworthiness of the "Gary Chouest", and by defendants' breach of their obligations under the circumstances, including the obligation to provide a safe seaworthy vessel, work area, working conditions, prompt and adequate medical care, treatment, maintenance and cure.

16.

The injuries sustained by petitioner were the direct and proximate consequences of the negligence of the defendants and the unseaworthiness of the vessel, the "Gary Chouest", as follows:

a. Failure to provide petitioner with a safe and seaworthy vessel and area;

b. Providing and furnishing crew members who recklessly, carelessly, or negligently failed to assist petitioner in his work;

c. Failure to take any and/or reasonable means for the safety of the petitioner;

d. Any and all other acts and omissions of negligence, fault, and liability of defendants to be shown at the trial of this cause; and,

e. Any and all other conditions of unseaworthiness of the vessel, the "Gary Chouest" to be adduced at the trial hereof.

17.

Solely by reason of defendants' negligence and the unseaworthiness of the vessel, the petitioner sustained serious injuries as follows:

a. Cervical spondyloradiculopathy C5-6, C6-7 with herniated disc osteophyte;

b. L4-5 Grade I spondylolsthesis with bilateral foraminal narrowing and L5 radiculopathy;

c. Major Depressive Disorder;

d. Post Concussive Syndrome;

e. Bladder & Bowel Dysfunction; and,

f. Sexual Dysfunction

18.

Further, petitioner's treating physician, Dr. Gary Alegre, has recommended that the petitioner undergo a 2 level Anterior Cervical Disectomy, Fusion, and Instrumentation. Additionally, Dr. Alegre has also recommended that the petitioner undergo a staged L4-5 decompression and fusion with pedicle screw instrumentation.

19.

Because of these injuries, petitioner has been and is incapable of performing any gainful activity, and has suffered physical and mental pain, and has incurred the following damages:

a. Past and future mental anguish pain and suffering;

b. Past and future physical pain and suffering;

c. Disability;

d. Loss of enjoyment of life;

e. Past and future lost wages;

f. Past and future medical expenses; and,

g. Compensatory damages such as out of pocket expenses.

**SECOND CAUSE OF ACTION**

20.

Petitioner, by virtue of his service on the vessel, the "Gary Chouest", claims maintenance and cure and wages for the period of his disability in an amount that the court may deem just and proper on the trial of this cause.

## THIRD CAUSE OF ACTION

21.

Alternatively and only in the event that any of the defendants are deemed not to be the petitioner's employer(s), then:

22.

This claim is filed under the provisions of the Longshoreman and Harbor Worker's Compensation Act (LHWCA) 33 U.S.C. Section 905(b).

23.

Petitioner repeats and realleges each and every allegation contained in Paragraphs 1 though 19, inclusive, with the same force and effect as if fully set forth herein.

24.

By reason of the defendants' negligence, petitioner was permanently injured, bruised, and wounded, so that he became and still continues to be sore, lame, and disabled. Petitioner has been and will be unable to attend any gainful employment. Petitioner has been and will be confined to his bed and to his home for a long period of time to come. Petitioner was injured permanently, externally, and internally, all to his damage in and such sums as will be shown at the trial of this cause.

**WHEREFORE**, the petitioner, Robert Theodile, prays that the defendants, Delmar Systems, Inc., Edison Chouest Offshore, L.L.C., Chouest Offshore Services, L.L.C., and Shell Oil Company be served with this Petition for Damages and be duly cited to appear and answer same and that after all legal delays and proceedings had there be judgment herein in favor of the petitioner, Robert Theodile, and against the defendants, Delmar

Systems, Inc., Edison Chouest Offshore, L.L.C., Chouest Offshore Services, L.L.C., and Shell Oil Company jointly, severally and in solido, as follows:

a. Maintenance and cure benefits and wages from October 22, 2002;

b. All compensatory damages including past and future mental anguish, past and future physical pain and suffering; loss of enjoyment of life; past and future medical expenses; and out of pocket expenses;

c. Past and future lost wages;

d. Disability;

e. Reasonable attorney's fees.

f. For such general and equitable relief as the nature of the case permits;

g. For such other and further legal and equitable relief as the Court shall deem necessary and proper; and,

h. For a trial by jury.

**RESPECTFULLY SUBMITTED:**

Gregory A. Dupuy (LBA #1052)
Clarence O. Dupuy (LBA #5218)
111 Veterans Memorial Blvd., #1000
Metairie, Louisiana 70005
Telephone: (504) 831-4833
Facsimile: (504) 831-3774