RECEIVED

JUN 2 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT THEODILE | CIVIL ACTION NO.: 03-1844 |
| VERSUS | JUDGE DOHERTY |
| DELMAR SYSTEMS, INC., ET AL | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion in Limine [Doc. 33] filed on behalf of defendants, Delmar Systems, Inc. and Edison Chouest Offshore, LLC, urging this Court to exclude the testimony and report of plaintiff's proposed liability expert David Cole at trial. Plaintiff opposes the motion. Oral argument is scheduled to be heard by this Court at the pre-trial conference on June 22, 2006. However, as this Court has now determined that the briefs are sufficiently thorough to permit this Court to rule without further input from counsel, oral argument is hereby CANCELLED and this matter can be decided on the briefs. Briefing has now been completed and the motion has been taken under advisement.

Plaintiff Robert Theodile has filed suit for injuries allegedly sustained on October 22, 2002, when he slipped and fell on a deck aboard the M/V GARY CHOUEST. At the time of the accident, plaintiff was employed by Delmar Systems, Inc. as a rigger on the GARY CHOUEST, which was owned and operated by Alpha Marine Services, L.L.C. Plaintiff has brought suit "under the admiralty law as modified by the Jones Act, 46 U.S.C.A. App. § 688." [Doc. 1, ¶2] Plaintiff has elected a trial by jury. The accident forming the basis of this litigation occurred while plaintiff was securing equipment on the back deck of the vessel while his supervisor was hosing down the deck.

Plaintiff has retained David Cole as his sole marine expert to testify at trial. Defendant has filed a Motion in Limine asking this Court to exclude the testimony and report of David Cole on the basis that his opinions are not helpful to the trier of fact and do not satisfy the requirements of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 1993.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact and issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is a product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

According to the Advisory Committee Notes to Federal Rule of Evidence 702, "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." The Fifth Circuit has expressly recognized that expert testimony should be excluded if the Court finds that "the jury could adeptly assess [the] situation using only their common experience and knowledge." Peters v. Five Star Marine Service, 898 F.2d 448, 450 (5th Cir. 1990) (Expert testimony was unnecessary for the jury to adequately assess whether it was reasonable for the plaintiff's employer to instruct employees to manually move equipment on the deck of the boat during heavy seas, whether cargo was improperly stowed, and whether diesel fuel made the deck of the boat slippery.)

Defendant first argues that Mr. Cole's opinions would not be helpful to the trier of fact, as "the circumstances surrounding a simple slip and fall on a vessel are easily within the realm of a juror's understanding, and [Mr.] Cole's opinions on whether Delmar adhered to its policies on

2

cleaning the deck are superfluous." [Doc. 33, p. 9]. It appears to this Court that the bulk of Mr. Cole's report contains his appreciation of the facts, which he has culled from various deposition transcripts and pleadings. He states that he has also had a telephone conversation with plaintiff, and he provides a description of the vessel. Mr. Cole includes in his report his opinion as to what the law is or ought to be. Mr. Cole's ultimate opinions in his report are as follows:

> Delmar supervisory personnel stated that it is Delmar policy that a deck is to be washed down before any other securing of tools, gear or equipment is done. There is conflicting testimony as to whether this was part of the pre-job instructions prior to this particular shift.
>
> None of the Delmar personnel have been able to state which hydrants/fire stations the wash-down hoses were connected to.
>
> It is my opinion that the owner of the GARY CHOUEST failed to exercise the proper standards of care, marine safety and seamanship in the wash-down that occurred at the time of Mr. Theodile's injury. This occurred due to improper and inadequate supervision.
>
> Though the testimony is conflicting on what instructions were provided to the riggers at the beginning of this shift (or made known as a matter of general policy), resolution of this conflict is not necessary to form the basis of my opinion. Assuming it was Delmar's policy to wash down the deck prior to any further securing of equipment, this policy was not enforced by the Delmar supervisors that day.
>
> Mud from the bottom of the Gulf of Mexico is extremely slick and slippery, and it is prudent to wash this off the deck before proceeding with any further work in the area. This hazard is coupled with the presence of small tools, weldment from the clips used to secure the anchors when on deck, and slag from the welding and burning process. This slag does not adhere to the deck and is therefore an object which can cause slips in and of itself.
>
> Given that Mr. Theodile had been assigned to light duty, it was improper of Mr. Cobb to allow him to assist in this operation in that the functions performed by him were inconsistent with his light duty status.

3

> Further, Mr. Cobb should not have allowed Mr. Theodile to work in that part of the deck still coated with mud.
>
> It is also my opinion that the activity on the back deck was visible from the wheelhouse, and the captain should have taken steps to prohibit the men from working in the mud. This was within his authority over all persons on board.

None of the opinions expressed above are based on any scientific or technical knowledge beyond the understanding of an ordinary person. Mr. Cole's opinions are merely based on his observation of the vessel and review of deposition testimony. Thus, the Court concludes that Mr. Cole's opinions do not constitute expert testimony as contemplated by Federal Rule of Evidence 702. Mr. Cole's opinion that the owner of the GARY CHOUEST "failed to exercise the proper standards of care, marine safety and seamanship" is unhelpful to the trier of fact. There is simply no expertise required for the opinions Mr. Cole offers.

Plaintiff argues in opposition that this accident occurred "in a very complicated environment of an offshore marine anchor handling process subject to specific coast guard, industry, and company safety rules and regulations." [Doc. 48-2, p. 1] This Court finds that the average juror should be able to determine from the evidence presented whether or not company regulations or coast guard regulations were violated. Plaintiff further argues that because he is merely a low-ranking crew member, he cannot effectively testify about industry and coast guard rules and regulations and defendants will present such testimony through more sophisticated and educated corporate employees. This Court is not aware of any rule or legal principle supporting plaintiff's contention, and plaintiff is certainly free to call his own witnesses to testify about Delmar's safety policies.[1]

---

[1] In fact, plaintiff intends to call four Delmar employees to testify regarding company procedure. See Pretrial Report pp. 13-14.

Simply put, Mr. Cole's opinions offer nothing more than an expert approved recitation of arguments plaintiff's attorney will make to the jury. Because the Court finds that Mr. Cole's testimony is unnecessary and unhelpful to the trier of fact, it need not address defendant's second argument – that Mr. Cole's opinions do not satisfy <u>Daubert</u> standards. Due to the foregoing, defendant's Motion in Limine is GRANTED.[2]

THUS DONE AND SIGNED in Lafayette, Louisiana this 21 day of June, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 6-21-06
BY: CW
TO: Dupuy
Simon II
Letulier
Neuner Jr.

---

[2] Plaintiff filed a "Motion for Leave to File Plaintiff's Response to Defendant's Reply to Plaintiff's Memorandum in Support of Opposition to Motion in Limine to Exclude the Testimony and Report of Commander David Cole." [Doc. 67] The Motion is DENIED. In the accompanying responsive motion, plaintiff attempts to amend the report of Commander Cole so that it specifically alleges that defendants were in violation of 33 CFR 142.4(b) and 131.320. The court finds that the proposed reply is unnecessary and unhelpful to the Court. However, even if the Court granted the Motion for Leave and allowed plaintiff to submit a supplemental report, defendant would likely lodge an objection, because the supplemental report would be in violation of not only this Court's Scheduling Order, but also Federal Rule of Civil Procedure Rule 26(2)(B). As such, the Motion for Leave is DENIED.